UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN B. EHRET,

    Plaintiff,                                  Hon. Janet T. Neff

v.                                           Case No. 1:14-CV-725

UNITED STATES DEPARTMENT
OF DEFENSE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>. (Dkt. #7). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted and this matter terminated**.

## BACKGROUND

This action stems from Plaintiff's interest in the issue of erosion of the Lake Michigan lakebed in the general vicinity of St. Joseph, Michigan. Plaintiff appears to own property in the St. Joseph area and has, for apparently several years, been involved in a lawsuit seeking damages for alleged erosion of the Lake Michigan lakebed in the St. Joseph area. *See Banks v. United States*, 741 F.3d 1268 (Fed. Cir. 2014). Plaintiff is also concerned about the impact of lakebed erosion on the safety of the Donald C. Cook Nuclear Power Plant located nearby.

On or about December 13, 2013, Plaintiff submitted to the United States Army Corps of Engineers, a request under the Freedom of Information Act (FOIA). (Dkt. #1, Exhibit 1). Specifically, Plaintiff asserted that "[a]n unpublished report, coauthored by James P. Selegean is understood to have concluded that the lake bed had reached a slope of 1:35' from a 1871 slope of 1:75'." (Dkt. #1, Exhibit 1). Plaintiff requested that the Corps of Engineers "provide a copy of the Selegean/Nairn/? report as response to this FOIA request." (Dkt. #1, Exhibit 1).

On or about February 3, 2014, the Corps of Engineers responded to Plaintiff stating that it "has no records responsive to your request." (Dkt. #1, Exhibit 2). Plaintiff appealed this determination to the Secretary of the Army. (Dkt. #1, Exhibit 3). In so doing, Plaintiff asserted that the report in question "was presented verbally to the American Shore and Beach Preservation Association in Chicago on 10/17/08 at the ASBPA's National Coastal Conference." (Dkt. #1, Exhibit 3). Plaintiff's appeal of his initial FOIA request was denied, but Plaintiff was nevertheless provided a copy of what the Department of the Army "believe[d] to be the (slide show shown in conjunction with the) verbal presentation you referenced in your modified request." (Dkt. #1, Exhibit 5).

Plaintiff subsequently initiated the present action against the United States Department of Defense and the United States Army Corps of Engineers. (Dkt. #1). Plaintiff requests the following relief: (1) order Defendants to demonstrate that it "employed methods reasonably likely to lead to the discovery of records responsive to the request"; (2) order Defendant to "produce, by a date certain, any and all non-exempt records or studies responsive to the request and a Vaughn Index of any responsive records withheld under claim of exemption"; (3) order Defendant "to explain why the slope of the lakebed should be kept secret when it directly [a]ffects the security of the Nuclear Plant. Or explain why that security is not in the public interest so as to [a]void any FUKUSHIMA type melt-down concerns";

(4) award Plaintiff attorneys' fees and other litigation costs; and (5) other such relief the Court deems just and proper. (Dkt. #1). Defendants now move for summary judgment.

**SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir.

2005) (quoting *Anderson*, 477 U.S. at 252).  The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).  Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54.  In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains

evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

The present action, asserted against the United States Department of Defense and the United States Army Corps of Engineers, is, in reality, an action against the United States. As is well understood, however, "the United States may not be sued without its consent and. . .the existence of consent is a prerequisite for jurisdiction." *Muniz-Muniz v. United States Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013). A waiver of this sovereign immunity "may not be implied and exists only when Congress has expressly waived immunity by statute." *Id.*

The Freedom of Information Act (FOIA or the Act) obligates agencies of the United States government to make their records "promptly available to any person," save those records specifically exempt from disclosure. *See* 5 U.S.C. § 552(a)(3). The Act specifically waives the sovereign immunity of the United States, and authorizes federal courts to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant," upon a showing that the agency improperly withheld such. *See* 5 U.S.C. § 552(a)(4)(B) (the district courts of the United States have "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from

the complainant"); *see also*, *United States Department of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989); *Vonderheide v. Internal Revenue Service*, 1999 WL 1000875 at *1 (6th Cir., Oct. 29, 1999); *Lewis v. Detroit Fire Department*, 2013 WL 2319343 at *2 (E.D. Mich., May 28, 2013).

An agency responding to a FOIA request "must make a good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information." *CareToLive v. Food and Drug Administration*, 631 F.3d 336, 340 (6th Cir. 2011). The relevant question "is whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant." The burden rests with the agency to establish the adequacy of its search efforts. The agency can satisfy its burden through submission of affidavits "providing reasonable detail of the scope of the search." *Id.* In the absence of "countervailing evidence or apparent inconsistency of proof, [such affidavits] will suffice to demonstrate compliance with the obligations imposed by the [Act]." *Id.* at 340-41.

In support of its motion for summary judgment, Defendants have submitted an affidavit executed by Dr. James P. Selegean, alleged co-author of the unpublished report Plaintiff seeks. (Dkt. #8, Exhibit 1). Dr. Selegean asserts the following. At all times relevant to this matter, Selegean has been employed as a member of the Great Lakes Hydraulics and Hydrology Office of the United States Department of Defense and the United States Army Corps of Engineers. The office in which Selegean works is the location where the requested report "would most likely" have been located as "no other office would be likely to maintain such a record." Selegean has not co-authored any report fitting the description of the report requested by Plaintiff. Selegean nevertheless conducted a search for the requested report. As part of his search, Selegean performed the following actions: (1) reviewed his hard-copy files; (2) reviewed his electronic files, including the hard drive of his work computer; and (3)

searched the electronic report database maintained in his office "for any reports related to the St. Joseph shoreline and harbor." After these efforts revealed no records satisfying Plaintiff's request, Dr. Selegean concluded that his office "possessed no agency records responsive to the FOIA Request."

In response to Plaintiff's subsequent assertion that the report in question "was presented verbally to the American Shore and Beach Preservation Association" on October 17, 2008, Dr. Selegean further asserted that he attended the conference in question at which Dr. Robert Nairn gave a presentation entitled, "Using Science to Clarify the Sands Rights Issues, St. Joseph Harbor, Michigan." Selegean subsequently located the slides that Dr. Nairn utilized during this presentation and a copy of such were provided to Plaintiff.

This evidence provides "reasonable detail of the scope of the search" and demonstrates that Dr. Selegean made a good faith effort to locate the requested documents and employed methods "reasonably expected to produce the requested information." In response, Plaintiff has failed to submit any evidence challenging the adequacy or sufficiency of Dr. Selegean's search efforts. Instead, Plaintiff has submitted documents which appear either to be related to the aforementioned civil lawsuit or which relate to Plaintiff's safety concerns regarding the Donald C. Cook Nuclear Power Plant. (Dkt. ##10, 15). This is not the proper forum, however, in which to litigate these extraneous matters. The only issue before this Court is whether Defendants have complied with their FOIA obligations. The evidence submitted by Defendants is sufficient to establish the adequacy of its efforts in this regard and, as previously noted, in the absence of "countervailing evidence or apparent inconsistency of proof, [such evidence] will suffice to demonstrate compliance with the obligations imposed by the [Freedom of Information Act]." Thus, Defendants are entitled to summary judgment on Plaintiff's claim that they improperly withheld from Plaintiff requested, non-exempt records.

Plaintiff also requests that the Court order Defendants to provide explanations "why the slope of the lakebed should be kept secret" or describe what is being done to "[a]void any FUKUSHIMA type melt-down concerns." As Defendants correctly assert, however, FOIA does not require governmental agencies to respond to such inquiries. *See, e.g., Cole v. United States*, 2002 WL 31495841 at *6 (W.D. Mich., Oct. 21, 2002) ("FOIA does not require agencies to provide explanations or answers in response to questions disguised as FOIA requests or to create documents or opinions in response to an individual's request for information").

Finally, the Court notes that in response to Defendants' motion for summary judgment, Plaintiff hypothesizes that the production of certain other documents would satisfy his FOIA request. Such matters are not properly before the Court, however. The Freedom of Information Act "requires that an individual exhaust all administrative remedies before filing a judicial action." *Fields v. Internal Revenue Service*, 2013 WL 3353921 at *3 (E.D. Mich., July 3, 2013). The exhaustion requirement is satisfied when either: (1) the individual submits a FOIA request and appeals administratively any adverse determinations, or (2) the agency fails to respond to a FOIA request within the time limits articulated in the Act. *Id.* at *4. The burden to demonstrate proper exhaustion rests with Plaintiff, who "must present proof of exhaustion of administrative remedies in order to obtain judicial review." *Id.* at *3.

Plaintiff has failed to demonstrate that he has submitted a FOIA request concerning the other possible documents identified in his responses to the present motion. Thus, putting aside the fact that Plaintiff's complaint makes no reference to these other documents, because Plaintiff has failed to demonstrate that he has properly exhausted any requests for such documents resolution of such is not properly before this Court. The only issue before the Court concerns Plaintiff's FOIA request for "[a]n unpublished report, coauthored by James P. Selegean [which] is understood to have concluded that the

lake bed had reached a slope of 1:35' from a 1871 slope of 1:75'." For the reasons previously discussed, the Court finds that Defendants are entitled to relief on this claim. In sum, for the reasons articulated herein, the undersigned recommends that Defendants' motion for summary judgment be granted and this matter terminated.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (Dkt. #7), be **granted** and this matter **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: December 9, 2014          /s/ Ellen S. Carmody
                                ELLEN S. CARMODY
                                United States Magistrate Judge